**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD PAUL RODDY,<br><br>                    Petitioner,<br><br>        v.<br><br>SHERIFF WILLIAM GORE,<br><br>                    Respondent. | Civil No.   14-CV-1848 JLS (PCL)<br><br>**ORDER: (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND (2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**<br><br>**(ECF No. 6)** |

On Jul 30, 2014, Petitioner Richard Paul Roddy ("Petitioner"), a state prisoner proceeding pro se, concurrently filed a Petition for Writ of Habeas Corpus (ECF No. 1) and a Motion to Proceed *in Forma Pauperis* ("IFP") (ECF No. 2) in the Central District of California.  On August 5, 2014, the case was transferred to this Court.  (ECF No. 3.)

**MOTION TO PROCEED *IN FORM PAUPERIS***

Prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period  immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the

average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Petitioner has filed a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his prison trust account statement, or his facility's institutional equivalent, for the 6-month period immediately preceding the filing of his Petition. *See* 28 U.S.C. § 1915(a)(2); CivLR 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added). Without Petitioner's trust account statement, the Court is simply unable to assess the appropriate amount of the filing fee which is statutorily required to initiate the prosecution of this action. *See* 28 U.S.C. § 1915(b)(1). Accordingly, the Court **DENIES** Petitioner's Motion to Proceed IFP, without prejudice to Petitioner filing a revised motion.

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust all state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987).

To satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) ( "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth

Amendment, he [or she] must say so, not only in federal court, but in state court.").

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254.  Petitioner does not allege that he raised all of his claims in the California Supreme Court.  (*See* Pet. 3, 5, ECF No. 1.)  Thus, it plainly appears from the face of the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.  Accordingly, the Court **DISMISSES** Petitioner's Petition without prejudice, and with leave to amend.  If Petitioner has raised his claims in the California Supreme Court, he must so specify in his First Amended Petition.

## AEDPA STATUTE OF LIMITATIONS

Finally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitations applies to a petition for a writ of habeas corpus "brought in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  This limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.  The statute of limitations does not run while a properly filed *state* habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an

application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings"). Absent some other basis for tolling, however, the statute of limitations does run while a *federal* habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

The Court urges Petitioner to keep the AEDPA statute of limitations in mind as he pursues his claims.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Petitioner's Motion to Proceed IFP and **DISMISSES** the case without prejudice and with leave to amend. To have this case reopened, Petitioner must, **no later than October 14, 2014**,

(1) either:

    (A)    pay the $5.00 filing fee **OR**

    (B)    file a new Motion to Proceed IFP, *which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Petition* pursuant to 28 U.S.C. § 1915(a)(2) and CivLR 3.2(b); **AND**

(2) file a First Amended Petition that cures the pleading deficiencies outlined in this Order.

The Clerk of Court **SHALL MAIL** Petitioner a blank Motion to Proceed IFP form, a blank First Amended Petition form, and a copy of this Order.

**IT IS SO ORDERED**.

DATED: August 21, 2014

                                        *Janis L. Sammartino*
                                        Honorable Janis L. Sammartino
                                        United States District Judge